The President
not sitting in the cause, Lyons J. delivered the opinion of the Court.
After stating the case, and that the assumpsit of Beverley to Dixon was after he came of age, he proceeded. It is not important to decide upon the propriety of admitting Mr. Smith’s deposition. The principal objection is, that this was a gaming debt, contracted by an infant, which no subsequent act of his, nor any transfer could make valid. It is in general true, that an assignee of a bond of this sort, can be in no better situation than the obligee, and the cases cited at the bar sufficiently establish the point. But the present case is very different upon principle from those cases, and that difference is produced by the conduct of Beverley, who, by his assurances of payment, induced Mr. Dixon to receive an assignment of it. He not only concealed from him the legal objections to the bond, but afterwards assumed to pay it, and when sued voluntarily confessed a judgment.
The privileges allowed to infants are intended to protect them from injury, not to furnish them with the means of deceiving, and of defrauding others ; and if negotiable papers, accepted by others, under all the caution used by Mr. Dixon in this case, were permitted to be set aside, there would be an end put to the negotiability of such papers, and to all confidence between man and man. Why did not Beverley avail himself at Law, of the supposed advantage, which he now7 relies upon in this Court ? But suppose he had pleaded it, and the plaintiff had replied the special matter, “ that he had been induced by the defendant to receive the bond;” upon a demurrer, the Law would have been decided in his favor. 2 Mod. 279. If he had pleaded infancy, he might have avoided the bond; but certainly, in another action, the plaintiff, upon pro *387 fing his assumpsit, after his attaining full age, would have succeeded- If then this would have been his
fate at Law, upon no principle can he expect, that a Court of Equity uiil assist him in imposing upon in» nocent third persons a loss produced by his own fraud. Upon the whole, the Court affirm the decree.(1)

 Woodson et. al. v. Barrett & Co. 2 Hen. & Munf. 80. 88, Mayo v. Giles's Adm. & Munf. 533.